Industrial Finance Authority — Loans — Third Mortgage Article X, Section 35(e)(2) Oklahoma Constitution does not supersede the limitation on the Oklahoma Industrial Finance Authority as to first and second mortgage liens as found in Article X, Section 34 Oklahoma Constitution, and no part of the Authority's loan may take a third mortgage position. The Attorney General has had under consideration your letter dated September 24, 1968, setting out the following facts: "The Oklahoma Industrial Finance Authority has recently approved a loan to the Pontotoc County Trust Authority, in the amount of $500,000 to help finance a new industrial plant of the Solo Cup Company of Chicago, one of the major manufacturers of plastic cups in the country. "This will be a $2,000,000 project, approximately. Other financing involved will be a first mortgage loan of $1,000,000 by Continental Illinois National Bank Trust Company of Chicago, and a $500,000 participating second mortgage loan (along with this Authority's $500,000 participating second mortgage loan) by the Economic Development Administration, an agency of the federal government. "One of the E.D.A.'s statutory requirements is that there must be at least a 15% interest behind its second mortgage, either in the form of a third mortgage, or equity capital. . . ." You then inquire: ". . . whether or not some $300,000 (15% of the total project cost) of this Authority's loan can take a third mortgage position, or more precisely, can this portion of this Authority's loan be subordinated to the E.D.A. mortgage?" More definitively, ". . . whether or not adoption of Article X, Section 35 on May 1, 1962, supersedes the limitation on this Authority as to first and second mortgage liens, so as to allow us to take a mortgage lien subordinate to that of a federal lending agency notwithstanding such lien might be less than a first or second mortgage as required in Article X, Section 34 ?" The relevant paragraph of Article X, Section 34 Oklahoma Constitution, adopted on July 26, 1960, reads: "The Legislature of the State of Oklahoma is hereby authorized to enact legislation creating a State Industrial Finance Authority, . . . which Authority shall be, and is hereby, authorized to issue and sell State Industrial Finance Bonds in such amounts as shall be needed from time to time for the purposes herein provided, not to exceed in the aggregate Ten Million Dollars ($10,000,000.00) outstanding at any one time, said bonds to be payable in full within thirty (30) years from their date, the proceeds whereof shall be deposited in the State Treasury in a fund known as a State Industrial Revolving Loan Fund to be loaned, and re-loaned, by said Authority only to Oklahoma incorporated industrial agencies (whether profit or non-profit) in Oklahoma communities, which agencies shall first have been approved and qualified by said Authority, such loans to be secured either by first or second mortgage on the land, buildings and facilities of such industrial properties, whether existing or to be constructed, held for sale or lease to approved responsible industrial firms on such terms as will amortize such loans within a period of twenty-five (25) years or less, but in no event shall the state's participation exceed twenty five percent (25%) of the total cost or value of such industrial properties. . . ." (Emphasis added) And the pertinent subsection of Article X, Section 35(e) Oklahoma Constitution, reads: "(2) In the expenditure and use of proceeds from the sale of said bonds, the said governing body Section (a) of Article X, Section 35 Oklahoma Constitution, provides incorporated towns or counties may issue industrial development bonds. Oklahoma cases interpret town to include cities. is hereby authorized and directed to coordinate its industrial development plans and projects insofar as practicable with similar plans and projects of local industrial development agencies and the Oklahoma Industrial Finance Authority, as set forth in Section 34 of Article X of the Constitution, so as to supplement funds to be derived from these and other sources, including federal aid available to economically depressed areas, if any; and to the extent that federal requirements shall requite subordination of liens securing loans from the Oklahoma Industrial Finance Authority or from other sources, as a condition to the obtaining of such federal aid, the same is hereby approved and authorized" (Emphasis added) The general rule of law is recited in 16 CJ.S., Constitutional Law, Section 26. That section reads: "If two provisions are irreconcilably repugnant, the last in order of time and local position will be preferred. It has been held, however, that this rule should be applied only as a last resort, and only when it is impossible to harmonize the provisions by any reasonable construction which will permit them to stand consistently together. . . . repeal of constitutional provisions by implication is not favored, and an amendment should not be construed as affecting any greater innovation on the existing constitution than is reasonably necessary to accomplish the object of its enactment. If possible, an apparent conflict should be reconciled." The question thus becomes: Is Article X, Section 35 Oklahoma Constitution, irreconcilable with Article X, Section 34
Oklahoma Constitution, as concerns the problem now before us? The Oklahoma Supreme Court in the case of McVickers v. Zetger, Okl., 389 P.2d 977, at 981 holds: "The foregoing provision Article X, Section 35(e) (2), Oklahoma Constitution gives the right to the cities and towns to mortgage such properties under the terms and conditions therein set forth. There is no conflict between this provision and Sections Article X, Section and Article X, Section 17 of Article X of our Constitution. It was intended to be in harmony with Section 34 of Article X which deals with State Industrial Finance Authority." It appears that the Oklahoma Court recognized that Article X, Section 35 Oklahoma Constitution, deals only with the issuance by cities, towns and counties of industrial development bonds. That portion of Section 35 authorizing the subordination of liens applies only to the ability of the governing body to mortgage property. It allows the governing body to give liens necessary to secure federal aid, but it does not authorize the Industrial Finance Authority to do more than authorized in Article X, Section 34 Oklahoma Constitution. Since Section 34 limits the Authority to taking first or second mortgages, in spite of the power and approval given by the Constitution to governing bodies to give whatever mortgage is necessary to secure federal aid, it is the opinion of the Attorney General that Article X, Section 35(e)(2) Oklahoma Constitution does not supersede the limitation on the Oklahoma Industrial Finance Authority as to first and second mortgage liens as found in Article X, Section 34
Oklahoma Constitution, and no part of the Authority's loan may take a third mortgage position. (Sam I. Hellman)
OPINION — AG — **** INDUSTRIAL FINANCE AUTHORITY — LOANS — THIRD MORTGAGE **** ARTICLE X, SECTION 35 (E)(2), OKLAHOMA CONSTITUTION DOES NOT SUPERSEDE THE LIMITATION ON THE OKLAHOMA INDUSTRIAL FINANCE AUTHORITY AS TO FIRST AND SECOND MORTGAGE LIENS AS FOUND IN ARTICLE X, SECTION 34, OKLAHOMA CONSTITUTION, AND NO PART OF THE AUTHORITY'S LOAN MAY TAKE A THIRD MORTGAGE POSITION. CITE: ARTICLE X, SECTION 35, ARTICLE X SECTION 34, ARTICLE X, SECTION 34 (SAM I. HELLMAN)